IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID DARNELL NELSON, JR.,

                        Plaintiff,

    v.

CAPTAIN GEGARE, SECURITY DIRECTOR MILLER,
WARDEN MALONE, DEPUTY WARDEN ROMAN,
DR. McLAIN (McCLAIN), AGENT AMY LAMPONE,      OPINION and ORDER
SUPERVISOR THOMAS SALTER, CORRECTIONAL
OFFICER POWLEDGE, C.O. MILLER,                     18-cv-925-jdp
CORRECTIONAL OFFICER FLEMING,
CORRECTIONAL OFFICER McWILLIAM,
SUPERVISOR ACKERAN, P.S.U. SUPERVISOR DR.
ABRAMS, HEALTH SERVICE MANAGER TUNELL,
SGT. MORALES, and SUPERVISOR DOLLOR,

                        Defendants.[1]

---

Pro se plaintiff and prisoner David Darnell Nelson, Jr. has filed an amended complaint as instructed by the court. Dkt. 20. An amended complaint was necessary because Nelson had filed more than 10 separate documents relating to the scope of his claims, so I could not screen the complaint as required by 28 U.S.C. § 1915(e)(2) and § 1915A. I directed Nelson to file one amended complaint that included all of his claims against all the defendants he wanted to sue.

Nelson has complied with the court's order, but his amended complaint now has a different problem. Specifically, it includes unrelated claims against different defendants, which violates the Federal Rules of Civil Procedure. I will give Nelson an opportunity to choose which

---

[1] I have amended the caption to reflect all of the defendants named in the amended complaint.

claims he wishes to pursue in this case, which claims he wants to pursue in a different case, and which claims he wishes to dismiss without prejudice to refiling them at a later date.

Under Rule 20 and Rule 21 of the Federal Rules of Civil Procedure and a court's inherent authority, a lawsuit may be severed when it includes unrelated claims against different defendants. *Lee v. Cook Cty., Ill.*, 635 F.3d 969, 971 (7th Cir. 2011); *In re High Fructose Corn Syrup Antitrust Lit.*, 361 F.3d 439, 441 (7th Cir. 2004); *Aiello v. Kingston*, 947 F.2d 834, 835 (7th Cir. 1991). As the Court of the Appeals for the Seventh Circuit has stated, "[a] litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). Lawsuits with so many unrelated claims are both unfair to defendants (who must participate in proceedings that have little to do with them) and difficult to manage for the court and the plaintiff (who may find it impossible to litigate so many claims at the same time, with or without a lawyer). *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) ("[U]nrelated claims against different defendants belong in separate lawsuits . . . to prevent the sort of morass produced by multi-claim, multi-defendants suits.") (internal quotations omitted). Thus, when a plaintiff tries to cram too much into one case, the court may require the plaintiff "to file separate complaints, each confined to one group of injuries and defendants." *Wheeler,* 689 F.3d at 683.

A review of Nelson's complaint reveals that it includes at least three separate lawsuits about his treatment at Milwaukee Secure Detention Facility:

Lawsuit No. 1:

- Captain Gegare watched Nelson while Nelson was naked and showering;
- When Nelson tried to stop Gegare from watching him, Gegare, Supervisor Ackerman, Correctional Officer Powledge, Correctional Officer Flemming, and Correctional Officer McWilliam used excessive force on him;

2

- Gegare told Nelson to kill himself to retaliate against Nelson for filing a grievance.

Lawsuit No. 2:

- Various prison officials took Nelson out of protective confinement without providing him adequate mental health treatment.

Lawsuit No. 3:

- Dr. McLain wouldn't send Nelson to the hospital when he was vomiting, spitting up blood, and suffering from other symptoms related to ulcers.

Nelson also alleges that he was reincarcerated because of various actions taken by Amy Lampone, the agent supervising him while he was released. But if I ruled in favor of Nelson on these claims, it would call into question the validity of his confinement. That type of claim must be brought in the context of a petition for a writ of habeas corpus under 28 U.S.C. § 2254, and only after the prisoner exhausts his remedies in state court. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Nelson cannot challenge his confinement in a civil action like this one, so I will dismiss those claims without prejudice. *See Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir.1996).

Under *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), I may apply the initial partial payment that Nelson has made to only one of the three potential lawsuits I have identified above. Nelson will have to choose which lawsuit that is. That lawsuit will be the only lawsuit assigned to this case number.

As for the other two potential lawsuits, Nelson has to make a choice. One option for Nelson is to pursue the other lawsuits separately. In that case, he will be required to pay a separate filing fee for each lawsuit. In addition, he may receive a "strike" under 28 U.S.C. § 1915(g) for any lawsuit that is dismissed for failure to state a claim upon which relief may be granted or one of the other reasons listed in § 1915(g). As Nelson may be aware, once a prisoner

receives three strikes, he is not able to proceed in new cases without first paying the full filing fee except in narrow circumstances. 28 U.S.C. § 1915(g).

Alternatively, Nelson may choose to dismiss one or more of the other lawsuits voluntarily. If he chooses this route, he will not owe additional filing fees or face a strike for any lawsuit he dismisses. Any lawsuit dismissed voluntarily would be dismissed without prejudice, which means that Nelson would be able to bring it at another time, so long as he files it before the statute of limitations has run. (In Wisconsin, the statute of limitations for a claim brought under 42 U.S.C. § 1983 is six years. *Reget v. City of La Crosse*, 595 F.3d 691, 694 (7th Cir. 2010). Any state-law claims may have different statutes of limitations.)

Because it is not clear at this time which of Nelson's separate lawsuits he will pursue, I have not assessed the merits of the claims raised in any of the three proposed lawsuits or determined whether they provide fair notice of his claims, as required by Rule 8 of the Federal Rules of Civil Procedure. Once Nelson identifies the suit or suits he wants to continue to litigate, I will screen the complaint as required under 28 U.S.C. § 1915(e)(2) and § 1915A. Because Nelson faces filing fees and potential strikes for each lawsuit he pursues, he should consider carefully the merits and relative importance of each of his potential lawsuits when choosing which of them he wishes to pursue.

If Nelson disagrees with the way I have grouped his claims or if he believes I have left out claims he intended to assert or included claims he did not intend to assert, he may raise those objections, but he must still comply with this order and choose which of the four lawsuits he wishes to pursue. If he fails to do so, I will dismiss all of his claims for his failure to comply with a court order.

ORDER

IT IS ORDERED that:

1. Plaintiff David Darnell Nelson, Jr.'s claims against defendant Amy Lampone, challenging the validity of his reincarceration, are DISMISSED without prejudice because those claims must be raised in a petition for a writ of habeas corpus after Nelson exhausts his state court remedies.

2. Nelson may have until March 20, 2018, to identify for the court whether he wishes to proceed with Lawsuit No. 1, Lawsuit No. 2, OR Lawsuit No. 3 under the case number assigned to this case. Nelson must pick one and only one of these lawsuits to proceed under case no. 18-cv-925-jdp.

3. Also by March 20, Nelson is to tell the court which other lawsuits he wishes to pursue under separate case numbers, if any, and which lawsuits he will dismiss voluntarily, if any.

4. For any lawsuit that Nelson dismisses voluntarily, he will not owe a filing fee and he will be permitted to refile the dismissed claims at a later date, so long as he complies with the statute of limitations.

5. For each lawsuit Nelson chooses to pursue, he will owe a separate filing fee.

6. Once Nelson chooses which lawsuits he wants to pursue, I will screen the claims to determine whether they state a claim upon which relief may be granted. If Nelson fails to respond to this order by March 20, I will enter an order dismissing his claims without prejudice for his failure to prosecute them.

Entered March 5, 2019.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge